UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:17-cv-223-MOC

| | | |
|---|---|---|
| **CARLY J. LANCE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **NANCY A. BERRYHILL,** | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on plaintiff's (#11) and defendant's (#15) cross

Motions for Summary Judgment. The matter is ripe for review. Having carefully considered each

motion and reviewed the pleadings, the court enters the following findings and Order.

**FINDINGS AND CONCLUSIONS**

I.      **Administrative History**

Plaintiff filed an application on February 18, 2013, for disability and disability insurance

benefits under title II and supplemental security income ("SSI") payments under title XVI, alleging

disability since September 10, 2010. (Tr. 104). After her application was denied initially on June

17, 2013 and on reconsideration on January 9, 2014, plaintiff appeared and testified at an

administrative hearing on November 30, 2015, and amended the alleged onset date to December

1, 2011. (Tr. 104, 146-64). On January 13, 2016, Administrative Law Judge ("ALJ") Ann G.

Paschall issued a decision denying benefits. (Tr. 8-26). On July 29, 2017, the Appeals Council

denied plaintiff's request for review, rendering the ALJ's decision the final decision of the

Commissioner. (Tr. 1-4). Plaintiff proceeded to file the instant action, seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

## II.     Factual Background

The court adopts and incorporates the ALJ's factual findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

## III.    Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).  Review by a federal court is not *de novo*, Smith v. Schwieker, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, supra.

Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence.  Hays v. Sullivan, supra. The Fourth Circuit has explained substantial evidence review as follows:

> the district court reviews the record to ensure that the ALJ's factual findings are supported by substantial evidence and that its legal findings are free of error. If the reviewing court decides that the ALJ's decision is not supported by substantial evidence, it may affirm, modify, or reverse the ALJ's ruling with or without remanding the cause for a rehearing. A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. The record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence. If the reviewing court has no way of evaluating the basis for the ALJ's decision, then the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.

<u>Radford v. Colvin</u>, 734 F.3d 288, 295 (4th Cir. 2013) (internal citations and quotations omitted).

**IV.    Substantial Evidence**

   **A.  Introduction**

   The court has read the transcript of plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the relevant exhibits contained in the extensive administrative record. The issue is not whether the court might have reached a different conclusion had it been presented with the same testimony and evidentiary materials, but whether the decision of the administrative law judge is supported by substantial evidence. Here, the court finds that the ALJ's decision was not supported by substantial evidence, and it will thus be reversed and remanded.

   **B.  Sequential Evaluation**

   A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title XVI pursuant to the following five-step analysis:

   a. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;

   b.  An individual who does not have a "severe impairment" will not be found to be disabled;

   c. If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;

d.  If, upon determining residual functional capacity ("RFC"), the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;

e.  If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience, must be considered to determine if other work can be performed.

20 C.F.R. § 416.920(a)-(f). The burden of proof and production during the first four steps of the inquiry rests on the claimant. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. Id.

### C.  The Administrative Decision

At step one of the sequential evaluation, the ALJ found that plaintiff has not engaged in substantial gainful activity ("SGA") since December 1, 2011, the amended alleged onset date. (Tr. 106). At step two, the ALJ found that plaintiff has the following severe impairments: bipolar disorder; PTSD; lumbar degenerative disc disease; asthma; fibromyalgia; and obesity. Id. At step three, the ALJ found that none of plaintiff's medically determinable impairments, singly or in combination with each other, meets the severity of an impairment in the Listing. (Tr. 107-08).

Then, before step four, the ALJ found that plaintiff had the RFC to perform light work, with the following limitations: no use of ladders but occasional use of stairs; can frequently balance, stoop, crouch, kneel, and crawl; no exposure to dangerous machinery or unprotected heights; and occasional exposure to respiratory irritants, extreme heat, and humidity; limited to

simple, routine tasks and instructions in jobs with public contact 10% of the time or less. (Tr. 108-12).

At step four, the ALJ found that plaintiff's RFC prevents plaintiff from performing any past relevant work, as plaintiff lacked past relevant work to consider. (Tr. 112). At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that plaintiff can perform, including small part assembler, inspector hand packager, and electronic worker. (Tr. 112-13). As a result, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. (Tr. 114).

**D. Discussion**

The court has closely read plaintiff's memorandum (#12) in support of her Motion for Summary Judgment (#11). Plaintiff argues that the Appeals Council neglected to consider a favorable Medicaid ruling by a state officer, that the ALJ improperly considered medical opinion evidence, and that the ALJ improperly relied on testimony from a vocational expert ("VE"). The court will consider each allegation in turn.

*1.    The Appeals Council's consideration of Officer Stewart's decision*

First, plaintiff argues that the Appeals Council failed to properly consider Hearing Officer Richard Stewart's Medicaid ruling in plaintiff's favor. In doing so, plaintiff argues that the Appeals Council's decision was incomplete, as "[t]he disability determination of a state administrative agency is entitled to consideration in a SSA disability proceeding." Bird v. Commissioner, 699 F.3d 337, 343 (4th Cir. 2012) (also holding that such a determination is evidence of a claimant's condition but not binding). Plaintiff cites a pair of cases from this court that do not appear to be relevant to this issue, as they deal with whether an ALJ properly considered a VA rating decision,

and not whether the Appeals Council properly considered evidence. See Cotton v. Colvin, 2013 WL 4509710 (W.D.N.C. 2013); Pusz v. Astrue, 2013 WL 498809 (W.D.N.C. 2011).

Here, the court disagrees with plaintiff for one simple reason: the Appeals Council did consider the ruling in question. In their decision declining to review plaintiff's claim, the Appeals Council specifically noted that plaintiff had "submitted evidence from State of North Carolina Department of Health and Human Services dated February 15, 2017" but that such evidence "does not relate to the period at issue" and thus "does not affect the decision about whether you were disabled beginning on or before January 13, 2016." (Tr. 2). That evidence is the favorable Medicaid decision plaintiff argues the Appeals Council did not consider. As the record explicitly shows that the Appeals Council did, in fact, consider that decision, the court finds no basis for remand on this issue.

### 2.  *The ALJ's evaluation of medical opinions*

Plaintiff first argues that the ALJ improperly evaluated medical opinion evidence in the record. Specifically, plaintiff contends that the ALJ ignored elements of Dr. Mary H. Berg's opinion that contradict the ALJ's findings on plaintiff's RFC, especially plaintiff's personal history and social, personal, and occupational limitations as set out by Dr. Berg.

Here, the court does not agree that the ALJ improperly evaluated Dr. Berg's testimony. Plaintiff offers no case law in support of her contention that the ALJ improperly evaluated Dr. Berg's testimony, and instead suggests that the court take a *de novo* look at Dr. Berg's testimony and compare it to the ALJ's findings to find for remand. Such a request is improper, as this court must not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the ALJ's. Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (citation

omitted).

Instead, the issue is whether the ALJ adequately explained her reasoning for her decision and whether that decision was supported by substantial evidence. Patterson v. Comm'r of Soc. Sec. Admin., 846 F.3d 656 (4th Cir. 2017). Here, the ALJ did not give great weight to Dr. Berg's testimony, but only some weight. The ALJ specifically explained that, while Dr. Berg's assessment offered some insight to plaintiff's condition, it is contradicted by the totality of the evidence as a whole, which "fails to establish such extreme or marked functional limitations" as set out by Dr. Berg. (Tr. 111). The ALJ also specifically noted in her analysis that Dr. Berg's opinion directly contradicts the opinion provided by a State agency mental health consultant, which the ALJ found was more consistent with medical evidence from plaintiff's treating physicians and with how plaintiff comported herself at the hearing. (Tr. 112). In doing so, the ALJ both explained the reasoning behind her decision and offered substantial evidence in support, and the court thus finds no reversible error on this basis.

### 3. *The ALJ's reliance on VE testimony*

Finally, plaintiff argues that the ALJ improperly relied on testimony from the VE in this matter. Specifically, plaintiff claims that the ALJ's hypotheticals posed to the VE failed to account for plaintiff's limitations in concentration, persistence, and pace by merely limiting to plaintiff to simple, routine work. In such a situation, plaintiff contends that precedent from the Fourth Circuit Court of Appeals requires remand. See Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015) (holding that the ability to perform simple tasks differs from the ability to stay on task, and thus a limitation to simple, routine tasks or unskilled work does not account for moderate limitations in concentration, persistence, and pace); Radford v. Colvin, 734 F.3d 288 (4th Cir. 2013).

Here, the court agrees. The ALJ found that plaintiff has moderate difficulties with concentration, persistence, and pace, and limited plaintiff to simple, routine tasks and instructions with minimal public contact. (Tr. 107-08). While the addition of minimal public contact technically distinguishes plaintiff from the claimant in Mascio, the court does not believe that limiting plaintiff's contact with the public necessarily accounts for plaintiff's moderate difficulties with concentration, persistence, and pace without further explanation from the ALJ. Further, while the ALJ analyzed plaintiff's difficulties at step two, such analysis does not appear to have carried over to step four. The ALJ certainly discusses plaintiff's myriad mental impairments, but the issue of plaintiff's difficulties with concentration, persistence, and pace is not further discussed; indeed, as close as the ALJ comes is where she notes that she has addressed the concerns of both State agency mental consultants by limiting plaintiff "to simple routine tasks and instructions, and public contact 10% of the time or less." (Tr. 112). This alone is insufficient to account for moderate difficulties in concentration, persistence, and pace, particularly when the holding in Mascio is "directly applicable" and suggests that "remand is appropriate so that the ALJ may properly account for plaintiff's limitations in concentration, persistence, or pace." Scruggs v. Colvin, 2015 WL 2250890, at *6 (W.D.N.C. 2015).

The court notes that it is entirely possible that hypotheticals updated to account for plaintiff's moderate difficulties with concentration, persistence, and pace would lead to a similar result as the ALJ reached here. However, it is not the court's place to say so. Green v. Colvin, 2016 WL 830990 (W.D.N.C. 2016) (holding that "the district court may not mine the facts in the record to justify the ALJ's decision") (citing Brown v. Colvin, 2016 WL 502918, at *1 (4th Cir. 2016)). As such, the court will remand so that the ALJ may fully account for plaintiff's moderate

difficulties in concentration, persistence, and pace in hypotheticals to a VE.

### E. Conclusion

The undersigned has carefully reviewed the decision of the ALJ, the transcript of proceedings, plaintiff's complaint, the cross Motions for Summary Judgment, and accompanying memoranda. Review of the entire record reveals that the decision of the ALJ was not supported by substantial evidence. See Richardson v. Perales, supra; Hays v. Sullivan, supra. As this court finds that there was not "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra at 401, plaintiff's Motion for Summary Judgment will be granted, the Commissioner's Motion for Summary Judgment will be denied, and the decision of the Commissioner will be reversed and remanded.

### ORDER

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion for Summary Judgment (#11) is **GRANTED**, the Commissioner's Motion for Summary Judgment (#15) is **DENIED**, and the decision of the Commissioner is **REVERSED AND REMANDED** for further proceedings consistent with this opinion.

Signed: April 24, 2018

Max O. Cogburn Jr
United States District Judge